# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TROY WESLEY HOAGLAND, | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:18-2449 |
| v. | : | (JUDGE MANNION) |
| ANDREW SAUL, Commissioner of Social Security, | : | |
| | : | |
| Defendant | : | |
| | : | |

# O R D E R

Pending before the court is the report of Magistrate Judge Martin C. Carlson, which recommends that the final decision of the Commissioner denying plaintiff's claims be vacated and the action be remanded to the Commissioner to conduct a new administrative hearing before a constitutionally appointed Administrative Law Judge (ALJ) other than the one who presided over the plaintiff's first hearing once the mandate in Cirko v. Comm'r of Soc. Sec., No. 19-1772 (3d Cir. 2020) is issued. (Doc. 30).[1] The Commissioner has specifically waived the opportunity to file objections to Judge Carlson's report and recommendation (Doc. 31) and plaintiff has filed

---

[1] The mandate in Cirko was issued on April 3, 2020.

no objections to the report and recommendation. Upon review, the report will be adopted in its entirety.

By way of relevant background, plaintiff filed the instant Social Security appeal arguing, *inter alia*, that this appeal should be remanded for rehearing before a properly appointed ALJ pursuant to Lucia v. S.E.C., 138 S.Ct. 2044 (2018), which held that certain federal agency ALJs were "Officers of the United States," within the meaning of the Appointments Clause of the United States Constitution, Art. II, §2, cl. 2, and therefore should have been appointed to their positions by either the President, a court of law, or the Department head. In this appeal, plaintiff argues that his case was heard by an ALJ who was appointed through a constitutionally infirm process which requires remand for a new administrative hearing before a constitutionally appointed ALJ.

Judge Carlson stayed the instant action pending decisions in two Third Circuit cases deciding the application of Lucia to Social Security ALJs, Bizarre v. Comm'r of Soc. Sec., No. 19-1773 (3d Cir. 2020) and Cirko v. Comm'r of Soc. Sec., No. 19-1772 (3d Cir. 2020). On January 23, 2020, the court in Cirko affirmed a decision which called for the remand of a Social Security appeal for re-hearing by an ALJ who was properly appointed under the Appointments Clause. Cirko on behalf of Cirko v. Comm'r of Soc. Sec.,

948 F.3d 148 (3d Cir. 2020). As a result of the holding in Cirko, Judge Carlson lifted the stay in this case, but deferred any action in the matter pending the time for filing a petition for rehearing *en banc.*

On March 9, 2020, the Commissioner filed a petition for rehearing *en banc,* and the instant action was further stayed pending the Third Circuit's decision on that petition. On March 26, 2020, the Third Circuit denied the petition for rehearing. On April 3, 2020, the Third Circuit issued its mandate in Cirko.

In accordance with the Third Circuit's decision in Cirko, Judge Carlson recommends that the instant action be remanded to the Commissioner for a new hearing before an ALJ who has been properly appointed under the Appointments Clause and, consistent with Lucia, remand be to an ALJ other than the ALJ who initially heard the case. Again, the plaintiff has failed to file any objections to Judge Carlson's report and the Commissioner has affirmatively waived the opportunity to do so.

Where no objection is made to a report and recommendation, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing

Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

Upon review of Judge Carlson's report and recommendation, the court finds no clear error of record. Moreover, the court agrees with the sound reasoning which led Judge Carlson to his conclusions. As such, the court will adopt Judge Carlson's report in its entirety.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

**(1)** The report and recommendation of Judge Carlson **(Doc. 30)** is **ADOPTED IN ITS ENTIRETY** as the decision of the court.

**(2)** The final decision of the Commissioner denying plaintiff's claims is **VACATED**.

**(3)** The instant action is **REMANDED** to the Commissioner to conduct a new administrative hearing before a constitutionally

appointed ALJ other than the one who presided over the plaintiff's first hearing.

**(4)** The Clerk of Court is directed to **CLOSE THIS CASE**.

*s/ Malachy E. Manion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: April 15, 2020**
18-2449-01